1
2
3
4
5
6
7
8

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
IN SEATTLE**

9
10

OSBORNE CONSTRUCTION
COMPANY, a Washington Corporation

Plaintiff,

v.

11
12
13
14

ZURICH AMERICAN INSURANCE
COMPANY, a non-Washington
Corporation,

Defendant.

No.

COMPLAINT FOR DECLARATORY
RELIEF AND DAMAGES

**JURY DEMANDED**

15
16

Plaintiff Osborne Construction Company alleges as follows:

17

**I.    PARTIES, JURISDICTION, AND VENUE**

18

1.    Plaintiff Osborne Construction Company ("Osborne") is a corporation formed

19

under the laws of Washington with its principal place of business in Washington.

20

2.    Defendant Zurich American Insurance Company ("Zurich") is an insurance

21

company that insures risks in, among other places, Washington.  On information and belief,

22

Zurich is a corporation that was formed under the laws of a state other than Washington and

23

has its principal place of business in Illinois.

COMPLAINT FOR DECLARATORY RELIEF & DAMAGES - 1

HARPER | HAYES PLLC
One Union Square
600 University Street, Suite 2420
Seattle, Washington 98101
Telephone: 206-340-8010
Facsimile: 206-260-2852

3.      Subject matter jurisdiction is proper under 28 U.S.C. § 1332(a)(1) because Plaintiff Osborne and Defendant Zurich are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4.      Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred here, and under 28 U.S.C. §§ 1391(b)(1), (c)(2), and (d) because Zurich is subject to the Court's personal jurisdiction with respect to this action.

## II.   CLAIMS

5.      Zurich issued a series of commercial general liability insurance policies to Associated Materials, LLC, which does business in Washington as Alside Window ("Alside"), including policy number GLO 5095909-04 with a policy period of December 1, 2016 to December 1, 2017 ("the Policy").

6.      The Policy contains a "blanket" additional insured endorsement, form number CG 20 37 04 13, which states in part:

> **Section II – Who Is An Insured** is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule, but only with respect to liability for "bodily injury" or "property damage" caused, in whole or in part, by "your [Alside's] work" at the location designated and described in the Schedule of this endorsement performed for that additional insured and included in the "products-completed operations hazard."

7.      The "Schedule" of the endorsement states:

> ANY PERSON OR ORGANIZATION TO WHOM OR TO WHICH YOU [Alside] ARE REQUIRED TO PROVIDE ADDITIONAL INSURED STATUS IN A WRITTEN CONTRACT OR WRITTEN AGREEMENT EXECUTED PRIOR TO LOSS, EXCEPT WHERE SUCH CONTRACT OR AGREEMENT IS PROHIBITED BY LAW.

COMPLAINT FOR DECLARATORY RELIEF & DAMAGES - 2

HARPER | HAYES PLLC
One Union Square
600 University Street, Suite 2420
Seattle, Washington 98101
Telephone: 206-340-8010
Facsimile: 206-260-2852

8.      The Policy defines "your work"—*i.e.*, Alside's work—as including "work or operations performed by [Alside]"; "[m]aterials, parts or equipment furnished in connection with such work or operations"; and "[w]arranties or representations made at any time with respect to the fitness, quality, durability, performance or use of '[Alside's] work.'"

9.      Renton Heritage LLC is the owner of certain real property in Washington. Renton Heritage entered into a written agreement with Osborne to serve as the general contractor on a project to construct an apartment complex on the Renton Heritage property.

10.     Osborne subsequently entered into a written agreement with Alside regarding the Renton Heritage apartment project.

11.     The Osborne-Alside agreement states, among other things, that Alside agreed to have Osborne named as an "additional insured" on Alside's liability insurance:

> **Additional Insured Endorsement**
> [Alside] shall list Osborne Construction Company . . . as [an] additional insured[] as respects liabilities arising out of or resulting from [Alside's] work under this Agreement (including Products) through the statute of repose.
>
> **Primary and Non-Contributory Requirement:**
> The required insurance coverages to be provided by [Alside] shall apply on a PRIMARY basis.  Insurance policies of Osborne Construction Company . . . shall be excess and not contributory.  The Primary and Non-Contributory endorsement shall be attached to the certificate.

12.     The Osborne-Alside agreement identifies Alside's "Scope of Work" as "Window and Glass Door Supply," which is further described as "furnish[ing] the supervision, management services, supplies, engineering, testing, labor materials, equipment and any other act necessary or thing required to diligently and fully complete all Work required to complete the Project in accordance with the Contract Documents . . . ."

COMPLAINT FOR DECLARATORY RELIEF & DAMAGES - 3

HARPER | HAYES PLLC
One Union Square
600 University Street, Suite 2420
Seattle, Washington 98101
Telephone: 206-340-8010
Facsimile: 206-260-2852

13.     The Osborne-Alside agreement also states, "[Alside] warrants that the materials furnished and its Work will strictly conform to the requirements of the Contract Documents and this Material Contract in every respect."

14.     On September 15, 2017, Osborne sent Zurich a letter notifying Zurich that Osborne sought insurance benefits, as an additional insured under the Policy, as a result of claims that Renton Heritage was asserting against Osborne that arose, in part, from Alside's work.

15.     Osborne attached to its September 15, 2017 claim letter a copy of the written agreement between Osborne and Alside, including the provision that obligated Alside to name Osborne as an additional insured under Alside's policy.

16.     The combination of the "Who is An Insured" language in the endorsement of Alside's policy, the "blanket" provision in the "Schedule" of that endorsement, and the language from the Osborne-Alside agreement quoted in paragraph eleven above had the effect of making Osborne an insured under the Policy for the allegations by Renton Heritage against Osborne that alleged liability for property damage that was caused at least in part by the work of Alside and potentially fell within the Policy's "products-completed operations hazard."

17.     Pursuant to WAC 284-30-360(3), Zurich was required to acknowledge the September 15, 2017 letter within 10 business days, but failed to do so.

18.     Pursuant to WAC 284-30-370, Zurich was required to conduct and complete an investigation into Osborne's claim within 30 days, which Zurich could have reasonably done.

COMPLAINT FOR DECLARATORY RELIEF & DAMAGES - 4

HARPER | HAYES PLLC
One Union Square
600 University Street, Suite 2420
Seattle, Washington 98101
Telephone: 206-340-8010
Facsimile: 206-260-2852

19.     Zurich's insurance of Osborne as an additional insured for its alleged liability to Renton Heritage constitutes an insurance transaction within the meaning of RCW 48.01.060 and RCW 48.01.020, obligating Zurich to comply with RCW 48.01.030.

20.     In the 30 days referenced in WAC 284-30-370, Zurich conducted no investigation into whether Renton Heritage's claims potentially alleged liability for property damage caused in whole or in part by Alside's work.

21.     On October 19, 2017, Zurich wrote to Osborne that "there is no coverage for this claim" under the Policy and that Zurich would therefore "neither defend nor indemnify Osborne" from Renton Heritage's claims.

22.     In the October 19 letter, Zurich falsely represented that "Osborne is not an insured" under the Policy.

23.     As of the time Zurich stated that "Osborne is not an insured," Zurich could not have known that Osborne did not qualify as an insured because Zurich had failed to investigate the facts that would have allowed Zurich to rule out the potential that Osborne did indeed qualify as an insured.  Zurich conducted no investigation into the claims that Renton Heritage had made against Osborne, and was thus unable to conclude that the claims Renton Heritage had made against Osborne were not caused, in whole or in part, by Alside's work or products and potentially fell within the Policy's "products-completed operations hazard."  Zurich's October 19 letter did not comply with WAC 284-30-330(13), as the explanation of Zurich's conclusion that "Osborne is not an insured" made no sense given Zurich's blanket additional insured language in the policy, and the language in the Osborne-Alside agreement that Osborne had sent Zurich in Osborne's September 15, 2017 claim letter.

HARPER | HAYES PLLC
One Union Square
600 University Street, Suite 2420
Seattle, Washington 98101
Telephone: 206-340-8010
Facsimile: 206-260-2852

24.     Osborne has been harmed by Zurich's bad faith breaches of its duties to Osborne such that Zurich is estopped from denying its obligation to defend or indemnify Osborne from the claims by Renton Heritage against Osborne.

25.     Zurich had a pre-suit obligation to investigate and evaluate the claims of Renton Heritage against Osborne, and to communicate that investigation and evaluation to Osborne.   On information and belief, Zurich did not communicate any investigation or evaluation to Osborne because Zurich did not investigate or evaluate the Renton Heritage claims.

26.     Zurich also had a duty under <u>Moratti v. Farmers</u> to negotiate on its insured's behalf with Renton Heritage in a manner sufficient to determine the dollar amount at which settlement could be reached, but Zurich made no attempt to conduct such negotiations.

27.     Due to Zurich's failure to investigate, evaluate, or negotiate, Renton Heritage has now initiated arbitration proceedings against Osborne, which proceedings qualify as a "suit" under the Zurich policy.

28.     Due to Zurich's unreasonable breaches of its good faith claim handling obligations and its obligations under the Policy, Zurich is in breach of the Policy, is not entitled to the benefits of the Policy, and Osborne is no longer bound by the conditions of the Policy. Osborne is legally entitled to defend itself from Renton Heritage's arbitration demand, to settle that claim for a reasonable amount, and to recover the costs of defense and settlement from Zurich.

29.     Osborne had a legal right to rely on the grounds set forth in Zurich's denial of coverage, and in making the decision to challenge Zurich's coverage denial in this suit, has

HARPER | HAYES PLLC
One Union Square
600 University Street, Suite 2420
Seattle, Washington 98101
Telephone: 206-340-8010
Facsimile: 206-260-2852

relied upon Zurich's compliance with its legal obligation to set forth in its denial all terms in the Policy and all factual and legal grounds upon which its denial is based.

### III. CAUSES OF ACTION

30.     Osborne incorporates by reference as though fully repeated herein each of the allegations contained in the previous paragraphs.

31.     Zurich's violations of its obligations under RCW 48.01.030, WAC 284-30-330, WAC 284-30-370, and Moratti v. Farmers, as well as its ongoing and continuous refusal to investigate or evaluate Renton Heritage's claims, has harmed Osborne so as to give rise to coverage by estoppel for any reasonable settlement negotiated by Osborne.

32.     Zurich breached the Policy by wrongfully failing to conduct a prompt investigation; by failing to evaluate Renton Heritage's claims; by denying defense and indemnity benefits based upon speculation and conjecture and without having conducted a reasonable investigation, all of which have proximately caused harm to Osborne in an amount to be proven at trial.

33.     Zurich owed and breached a duty to exercise reasonable care in the performance of duties required by Washington statutes and regulations, which breach proximately caused harm to Osborne in an amount to be proven at trial.

34.     Zurich's violations of WAC 284-30-330 constitute per se unfair and deceptive acts or practices under the Washington Consumer Protection Act, which acts or practices have damaged Osborne in an amount to be proven at trial.  Zurich is liable for treble damages up to the statutory cap for each violation.

COMPLAINT FOR DECLARATORY RELIEF & DAMAGES - 7

HARPER | HAYES PLLC
One Union Square
600 University Street, Suite 2420
Seattle, Washington 98101
Telephone: 206-340-8010
Facsimile: 206-260-2852

35.     A clear and present dispute exists between Osborne and Zurich concerning the parties' obligations under the Policy and applicable statutes and regulations.  Osborne seeks a declaratory judgment regarding the respective rights and obligations of the parties, including:

- Whether Zurich breached the Policy in determining that Osborne is not an insured;

- Whether Zurich's violations of its statutory, regulatory and/or Policy obligations relieve Osborne of any further duty to comply with Policy conditions;

- Whether Zurich failed to timely conduct the investigation required under WAC 284-30-370 and WAC 284-30-330(4);

- Whether Zurich breached obligations that it owed to Osborne under <u>Moratti v. Farmers</u>;

- Whether Zurich has violated RCW 19.86;

- Whether Zurich is liable for any settlement or judgment with Renton Heritage arising out of claims relating to Alside's work or products;

- Whether the Policy's "Separation of Insureds" provision renders the Policy's "self-insured retention" provision inapplicable to insureds who are not defined as "you."

## IV.  **RELIEF REQUESTED**

1.     A declaration as to the rights and obligations of the parties;

2.     An award of money damages in an amount to be proven at trial;

3.     An award of pre- and post-judgment interest as allowed by law;

4.     An award of attorney's fees and other costs and expenses of litigation pursuant to applicable statute, regulation, common law, or recognized ground in equity;

COMPLAINT FOR DECLARATORY RELIEF & DAMAGES - 8

HARPER | HAYES PLLC
One Union Square
600 University Street, Suite 2420
Seattle, Washington 98101
Telephone: 206-340-8010
Facsimile: 206-260-2852

5.       Such other and further relief as this Court deems just and proper.

## V.   <u>JURY DEMAND</u>

Osborne demands a trial by jury pursuant to Fed. R. Civ. P. 38.

DATED this 7th day of March 2018.

HARPER | HAYES PLLC


By: s/*Todd C. Hayes*            
Todd C. Hayes, WSBA No. 26361
600 University Street, Suite 2420
Seattle, WA  98101
**Tel**.    206.340.8010
**Fax**.    206.260.2852
**Email**: todd@harperhayes.com
Attorneys for Plaintiff

COMPLAINT FOR DECLARATORY RELIEF & DAMAGES - 9

HARPER | HAYES PLLC
One Union Square
600 University Street, Suite 2420
Seattle, Washington 98101
Telephone: 206-340-8010
Facsimile: 206-260-2852