UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| OSBORNE CONSTRUCTION COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>ZURICH AMERICAN INSURANCE COMPANY,<br><br>Defendant. | CASE NO. C18-0349-JCC<br><br>ORDER |

This matter comes before the Court on Defendant's motion to continue Plaintiff's motion for partial summary judgment (Dkt. No. 22). Having thoroughly considered the Plaintiff's motion and the relevant record, the Court finds oral argument unnecessary and hereby DENIES the motion for the reasons explained herein.

**I. BACKGROUND**

This case involves a dispute over insurance coverage. (*See* Dkt. No. 1.) In late 2017, Defendant denied Plaintiff, a general contractor, coverage as an additional insured under a subcontractor's insurance policy. (*Id.* at 4–5.) Plaintiff filed this lawsuit on March 7, 2018, seeking declaratory and compensatory relief. (*Id.* at 8–9.) On October 18, 2018, Plaintiff moved for partial summary judgment. (Dkt. No. 19.) It seeks a ruling that, as a matter of law, Defendant owed it a duty to provide a defense under the terms of the insurance policy, that Defendant's

denial of coverage was in bad faith, and that as a result, Defendant is estopped from now denying coverage. (*Id.* at 21.)

Plaintiff's motion for partial summary judgment was originally noted for November 9, 2018. (Dkt. No. 19 at 1.) Defendant moves to continue the noting date by three weeks to accommodate the deposition of Daniel Jacobson. (Dkt. No. 22.) Mr. Jacobson is one of Plaintiff's directors, and sent Defendant the letter initially requesting coverage. (*Id.*) In a declaration, defense counsel states that she attempted to arrange a time to depose Mr. Jacobson before Plaintiff filed its motion for partial summary judgment, but that Plaintiff's counsel was uncooperative. (Dkt. No. 23 at 2–3.) Mr. Jacobson is now scheduled to be deposed on November 1, 2018. (*Id.* at 3.) Defense counsel states that she "determined that [Mr. Jacobson] . . . is a material witness," and told Plaintiff that Defendant "need[s] Mr. Jacobson's testimony before [it] can respond" to the motion for partial summary judgment. (*Id.* at 2–3.) Plaintiff refused Defendant's request to withdraw the motion to allow time for the deposition, but voluntarily re-noted the motion for one week later, on November 16, 2018.[1] (Dkt. No. 24.)

## II. DISCUSSION

### A. Legal Standard

The Court may continue a motion for summary judgment to permit additional discovery if the non-movant shows that it lacks specific facts essential to opposing the motion. Fed. R. Civ. P. 56(d)(2). The party requesting a continuance must show: "(1) that they have set forth in affidavit form the specific facts that they hope to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are 'essential' to resist the summary judgment motion." *California ex rel. Cal. Dep't of Toxic Substances Control v. Campbell*, 138 F.3d 772, 779 (9th Cir. 1998).

---

[1] It appears to the Court that Plaintiff's decision to re-note its motion was an effort to allow Defendant to incorporate Mr. Jacobson's deposition testimony into its response.

ORDER
C18-0349-JCC
PAGE - 2

### B. Defendant's Motion to Continue

Defense counsel's affidavit does not specify what facts Defendant hopes to obtain from Mr. Jacobson's deposition, nor explain how his testimony is essential to its ability to respond to Plaintiff's motion for partial summary judgment. Defendant merely states that Mr. Jacobson is a "material witness," that it "need[s] [his] testimony before [it] can respond to [Plaintiff's] motion [for partial summary judgment]," and that a transcript of the deposition will not be available in time to incorporate the testimony into its response. (Dkt. No. 23 at 2–3.) To justify continuing Plaintiff's motion, Defendant has the burden to first identify "*specific facts* that [it] hope[s] to elicit from further discovery," and then to demonstrate how those facts are essential to its ability to respond to Plaintiff's motion for partial summary judgment. *Campbell*, 138 F.3d at 779 (emphasis added). Defendant has failed to identify *any* facts it hopes to elicit from Mr. Jacobson, much less provide a compelling justification for why it needs those facts to fully respond to Plaintiff's motion. Thus, Defendant has failed to provide a sufficient justification for continuing Plaintiff's motion for partial summary judgment.

### III. CONCLUSION

For the foregoing reasons, Defendant's motion to continue plaintiff's motion for partial summary judgment (Dkt. No. 22) is DENIED.

DATED this 2nd day of November 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE