THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| OSBORNE CONSTRUCTION COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>ZURICH AMERICAN INSURANCE COMPANY,<br><br>Defendant. | CASE NO. C18-0349-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiff's motion to certify a question concerning the Insurance Fair Conduct Act ("IFCA") to the Washington State Supreme Court (Dkt. No. 36) and Defendant's cross-motion to certify a question to the Washington State Supreme Court (Dkt. No. 37). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES both motions for the reasons explained herein.

**I.    BACKGROUND**

Plaintiff is a general contractor and third-party insured under Defendant's liability policy. (*See* Dkt. No. 35 at 2.) The Court previously granted partial summary judgment in favor of Plaintiff, finding that Defendant breached its duty to defend and estopping Defendant from denying coverage to Plaintiff in a pending arbitration. (*Id.* at 14.) Plaintiff now seeks certification

of the following question regarding its IFCA claim to the Washington State Supreme Court: "May an insured under a liability insurance policy assert a claim under the Insurance Fair Conduct Act, RCW 48.030.015?" (Dkt. No. 36 at 2.) Defendant responds by asking the Court to certify the following question to the Washington State Supreme Court: "Is an additional insured entitled to defense and indemnity under a policy with a $500,000 Self-Insured Retention ("SIR") that has not been satisfied?" (Dkt. No. 37 at 1–2.) In the alternative, Defendant asks that this "SIR issue" be certified for immediate appeal to the Ninth Circuit Court of Appeals under Federal Rule of Civil Procedure 54(b). (*Id.* at 2.) Plaintiff objects to Defendant's cross-motion. (*See* Dkt. No. 40.)

## II. DISCUSSION

### A. Plaintiff's Motion to Certify

Federal Courts in Washington may certify questions to the Washington State Supreme Court:

> When in the opinion of [the] court before whom a proceeding is pending, it is necessary to ascertain the local law of this state in order to dispose of such proceeding and the local law has not been clearly determined, such federal court may certify to the supreme court for answer the question of local law involved and the supreme court shall render its opinion in answer thereto.

Wash. Rev. Code § 2.60.020. Certification is within the Court's discretion. *See Micomonaco v. State of Wash.*, 45 F.3d 316, 322 (9th Cir. 1995). Plaintiff asserts that some courts applying Washington law have interpreted the IFCA's term "first-party claimants" to not include those insured under third-party or liability policies, while others have found that the IFCA's category of "first-party claimants" includes third-party insureds (including those entitled to liability insurance benefits). (Dkt. No. 36 at 4–7) (comparing *Cox v. Cont'l Cas. Co.*, 2014 WL 2011238, slip op. at 1 (W.D. Wash. 2014), *aff'd* 703 F. App'x 491 (9th Cir. 2017), with *City of Bothell v. Berkley Reg'l Specialty Ins. Co*, 2014 WL 5110485, slip. op. at 10 (W.D. Wash. 2014)). Notwithstanding this intra-district split, the Court finds that certification is unnecessary to dispose of this case and that the law regarding this IFCA issue is sufficiently settled.

ORDER
C18-0349-JCC
PAGE - 2

The Washington State Court of Appeals has interpreted the relevant IFCA provision. *See Trinity Universal Ins. Co. of Kansas v. Ohio Cas. Ins. Co.*, 312 P.3d 976, 985 (Wash. Ct. App. 2013). In *Trinity*, the Court of Appeals held that third-party insureds are included in the IFCA's definition of "first-party claimants." *Id.* That holding answers Plaintiff's proposed question, and no other Washington state court has issued a conflicting decision.

Although judges within this district have interpreted the IFCA provision at issue differently, this Court has previously followed the holding in *Trinity* and ruled that a third-party insured can bring an IFCA claim. *See Navigators Specialty Ins. Co. v. Christensen Inc.*, 140 F.Supp.3d 1097, 1102 (W.D. Wash. 2015). In *Navigators*, the Court conducted a statutory analysis of the term "first-party claimant" as used in the IFCA. *Id.* Recognizing this district's "divergent, reasonable interpretations of the definition of a first-party claimant," the Court examined the IFCA's legislative history and intent. *Id.* at 1101. The Court concluded that the legislative history indicated that plaintiffs have standing under the IFCA if they possess a contractual right for coverage, whether by a first or third-party insurance policy. *Id.* at 1101–02. The Washington Court of Appeals reached essentially the same outcome in *Trinity*. *Id.* at 1101.

In light of those rulings, Plaintiff has neither demonstrated that certification is necessary to dispose of its IFCA claim nor that Washington law is unsettled on the issue.

**B.    Defendant's Motion to Certify**

Defendant states that certification of its proposed "SIR issue" is necessary to resolve a dispositive issue in this case. (Dkt. No. 37 at 4.) Defendant asserts that if "absent satisfaction of the SIR it had neither a duty to defend, nor will have a duty to indemnify Osborne as an additional insured, this case as at an end." (*Id.*) The Court disagrees.

On summary judgment, the Court ruled that Defendant breached its duty to defend because Plaintiff's claim could have "conceivably" been covered under Defendant's liability policy. (Dkt. No. 35 at 8) (citing *Am. Best Foods, Inc. v. Alea London, Ltd.*, 229 P.3d 693, 696 (Wash. 2010)). Under Washington law, an insurer acts in bad faith when it refuses to provide a

defense "based on an arguable legal interpretation of its own policy." *Am. Best Foods, Inc.* 229 P.3d at 700. In this case, the Court analyzed the policy's SIR provision and determined that, "because it did not clearly relieve [Defendant] of the duty to defend, [Defendant's] refusal to do so on that basis was unreasonable." (Dkt. No. 35 at 13.) The Court's conclusion would be the same even if the Washington State Supreme Court were to review the SIR and ultimately adopt Defendant's suggested interpretation. Indeed, Defendant previously conceded that no Washington court has interpreted a SIR endorsement like the one in its policy—in other words, it acknowledged that the SIR issue was unsettled. Defendant's motion is an attempt to appeal the Court's summary judgment ruling to the Washington State Supreme Court, which is not an appropriate basis for certification. *See Thompson v. Paul*, 547 F.3d 1055, 1065 (9th Cir. 2008) (noting that "[t]here is a presumption against certifying a question to a state supreme court after the federal district court has issued a decision.").

In the alternative, Defendant asks the Court to certify the "SIR issue" for immediate appeal to the Ninth Circuit. (Dkt. No. 37 at 6.) "When an action presents more than one claim for relief . . . the court may direct entry of a final judgment as to one or more, but fewer than all, claims . . . only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). Defendant asserts that the Court's summary judgment ruling on "the SIR issue is ultimately dispositive of every claim [of Plaintiff's] in this case." (Dkt. No. 37 at 6.) The Court disagrees.

First, the Court's summary judgment ruling regarding the SIR provision was not a final judgment on any of Plaintiff's claims. *See Wood v. GCC Bend, LLC*, 422 F.3d 873, 878 (9th Cir. 2005) (noting that a final judgment is one that "is an ultimate disposition of an individual claim entered in the course of a multiple claims action."). Second, certification of the SIR issue for immediate appeal would not aid in the speedy disposition of this lawsuit—it would create piecemeal litigation that would delay the Court's ultimate resolution of Plaintiff's claims. *Id*.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's motion to certify a question to the Washington State Supreme Court (Dkt. No. 36) and Defendant's cross-motion to certify a question to the Washington State Supreme Court (Dkt. No. 37) are DENIED.

DATED this 22nd day of February 2019.

John C. Coughenour
UNITED STATES DISTRICT JUDGE